CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
JUL 0 3 2007
JOHN F. CORCORAN, CLERK
BY: /s/ _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| IN RE BOSS MANAGEMENT GROUP, INC., <br><br> *Debtor* | CHAPTER: 7 <br><br> BANKR. CASE NO. 05–61589–LYN <br><br> ADV. NO. 06–06081 |
| FABRIKO ACQUISITION CORP. <br> *Appellant* <br> v. <br> [NOT DESIGNATED], <br><br> *Appellee* | CIVIL NO. 6:07mc00002 <br><br> <u>MEMORANDUM OPINION and ORDER</u> <br><br> JUDGE NORMAN K. MOON |

This matter is before the Court on a motion for leave to hear an appeal from an interlocutory order entered against Appellant Fabriko Acquisition Corp. ("Fabriko") by the United States Bankruptcy Court for the Western District of Virginia. For the following reasons, this motion will be DENIED.

## I. BACKGROUND

In the underlying Chapter 7 bankruptcy dispute, debtor Boss Management Group, Inc. ("Boss Management") disclosed that one of its assets was an interest in a lawsuit to collect a debt allegedly owed to it ("Debt Owed") by Phillip Newman ("Newman") and Advisco Capital Corp. ("Advisco"). The bankruptcy trustee ("Trustee") reached a settlement agreement with Newman and Advisco regarding the Debt Owed, but before the agreement was finalized, Fabriko objected, stating that it, not Boss Management, was the owner of the Debt Owed. The Trustee then filed a

complaint asking a court to declare which of three parties—Boss Management, Fabriko, or a third party, Mid-West Textiles ("Mid-West")—was entitled to the Debt Owed.

Fabriko apparently filed a third-party complaint against Newman and Advisco.[1] The complaint sought relief under common law quantum meruit and under 18 U.S.C. §§ 1961–68, the statutes prohibiting Racketeer Influenced and Corrupt Organizations ("RICO"). Fabriko subsequently filed a motion to file an amended third-party complaint; the motion included the proposed amended third-party complaint.

The bankruptcy court dismissed Fabriko's third-party complaint, Fabriko's motion to file an amended third-party complaint, and Fabriko's proposed amended third-party complaint. *See* Memorandum and Order, *Schneider v. Fabriko Acquisition Corp. (In re Boss Mgmt. Group, Inc.)*, No. 05–61589, Adversary/Motion No. 06–06081, docket entry no. 40 (Bankr. W.D. Va. May 3, 2007) ("Memorandum Opinion"). In the Memorandum Opinion, the bankruptcy court determined that (1) it did not have subject matter jurisdiction over the claims made in the third-party complaint and (2) even if subject matter jurisdiction existed, the claims made in the third-party complaint were improper. *See id.* at 4. Fabriko then sought relief in this Court by filing both a Notice of Appeal ("Notice") and a Motion for Leave To Take Interlocutory Appeal ("Motion").

The issues here, then, are (1) whether Fabriko complied with the procedural requirements imposed on parties seeking an appeal of an interlocutory order and (2) whether I should grant Fabriko's motion to appeal the interlocutory order.

---

[1] As discussed more thoroughly below, Fabriko did not include any supporting documentation with its notice of appeal or with its motion for leave to take interlocutory appeal; the facts here are gleaned from the bankruptcy court's opinion dismissing Fabriko's third-party complaint.

## II. DISCUSSION

United States district courts have jurisdiction, with leave of the court, to hear appeals from interlocutory orders and decrees issued by bankruptcy judges. 28 U.S.C.A. § 158(a) (West 2007). There are both procedural and substantive requirements in such instances.

### A. Procedural Requirements

The Federal Rules of Bankruptcy Procedure state that a party seeking appeal from an interlocutory order must comply with three requirements:

1. file a notice of appeal as prescribed in Rule 8001(a);
2. file a motion for leave to appeal prepared in accordance with Rule 8003; and
3. file proof of service in accordance with Rule 8008.

*See* Fed. R. Bankr. P. 8001(b). Of the three requirements listed in Rule 8001(b), only the failure to file a notice of appeal in a timely manner may affect the validity of the appeal. *See* Fed. R. Bankr. P. 8001(a) ("An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal ...."). However, failure to comply with the other requirements "is ground ... for such action as the district court ... deems appropriate, which may include dismissal of the appeal." *See id.*

#### *1. Notice of appeal as prescribed in Rule 8001(a)*

The notice of appeal must: (1) "conform substantially to the appropriate Official Form," (2) "contain the names of all parties to the ... order ... appealed from and the names, addresses and telephone numbers of their respective attorneys," and (3) "be accompanied by the prescribed fee." Fed. R. Bankr. P. 8001(a). Here, Fabriko's Notice meets the first two requirements: it conforms substantially to Form 17[2] and it includes the names of all parties to the order appealed

---

[2] The only apparent discrepancies between the Notice and Form 17 are: (1) that the Notice does not state that appeal is taken pursuant to 28 U.S.C. § 158(a) and (2) that the Notice does not include the attorneys' phone numbers.

– 3 –

from and the names and addresses of the parties' attorneys.[3] The prescribed fee, however, did not accompany the Notice.

Indeed, Fabriko was given notice on May 15, 2007, that the appropriate fee—$5—had not yet been paid. *See* Notice of Deficiency, *Schneider v. Fabriko Acquisition Corp. (In re Boss Mgmt. Group, Inc.)*, No. 05–61589, Adversary/Motion No. 06–06081, docket entry no. 55 (Bankr. W.D. Va. May 15, 2007). It appears from the record that Fabriko has still not paid the $5 fee. This requirement is mandatory, *see* Fed. R. Bankr. P. 8001(a) ("The notice of appeal *shall* ... be accompanied by the prescribed fee." (emphasis added)), but is not jurisdictional, *see id.* ("An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal ....").

Again, by the plain terms of Rule 8001, the district court may take "appropriate" action for failure to comply with procedural requirements, "includ[ing] dismissal of the appeal." *See* Fed. R. Bankr. P. 8001(a); *McGahren v. First Citizens Bank & Trust Co. (In re Weiss)*, 111 F.3d 1159, 1173 (4th Cir. 1997) ("If an appellant violates one of the rules of bankruptcy procedure, the district court may dismiss the appeal."). In other cases in which an appellant failed to pay the required fee, courts have dismissed appeals for failure to prosecute. *See, e.g., Armstrong v. Rushton (In re Armstrong)*, No. 02–4106, 101 F. App'x 766, 769, 2004 WL 1173161, at **2 (10th Cir. May 27, 2004) (unpublished opinion) ("The [Bankruptcy Appellate Panel] was well within its authority to dismiss [the] appeal ... for failure to prosecute."); *Fernicola v. U.S. Trustee (In re Fernicola)*, No. 6:07cv151 (GLS), 2007 WL 894270, at *1 (N.D.N.Y. Mar. 20, 2007) (dismissing, sua sponte, appeal from bankruptcy court for failure to prosecute after appellants (1) failed to pay prescribed fee and (2) failed to pay fee in response to court's notice of

---

[3] Again, the Notice does not include the attorneys' phone numbers.

deficiency); *Byrd v. Branigan*, No. AW–06–0895, 2006 WL 4458702, at *4 (Bankr. D. Md. Nov. 29, 2006) (dismissing appeal because, in part, the appellants failed to initially pay filing fee and subsequently failed to pay filing fee after receiving notice from the clerk of the court). Dismissal of an appeal in these circumstances is consistent, too, with the broad discretion given to district courts by Rule 8001(a). *See, e.g., Sec. Investor Prot. Corp. v. Blinder, Robinson & Co. (In re Blinder, Robinson & Co.)*, No. 94–1034, 1994 WL 144289, at *1 (10th Cir. Apr. 22, 1994) (unpublished opinion) ("Rule 8001(a) grants the district court broad discretion to take any appropriate action, including dismissal of the appeal, for failure to comply with non-jurisdictional steps.").

As the Fourth Circuit has noted, however, "the sanction of dismissal for failure to comply with a non-jurisdictional, procedural guideline ... [is] a harsh sanction which a district court must not impose lightly." *Resolution Trust Corp. v. SPR Corp. (In re SPR Corp.)*, 45 F.3d 70, 73 (4th Cir. 1995) (alteration in original). The Fourth Circuit has adopted a four-part test as a prerequisite to a district court's dismissal of a bankruptcy appeal on non-jurisdictional, procedural grounds. The district court must:

1. make a finding of bad faith or negligence;
2. give the appellant notice and an opportunity to explain the delay;
3. consider ... any possible prejudicial effect on the other parties; or
4. indicate that it considered the impact of the sanction and available alternatives.

*Serra Builders, Inc. v. John Hanson Savs. Bank FSB (In re Serra Builders, Inc.)*, 970 F.2d 1309, 1311 (4th Cir. 1992); *accord Resolution Trust Corp*, 45 F.3d at 72. Although *Serra Builders* used the disjunctive conjunction "or" in setting out the four factors, the Fourth Circuit clarified the test in *Resolution Trust* to mean that a district court should consider all four factors before dismissing. *See Resolution Trust*, 45 F.3d at 74 ("Any fair reading of *Serra* reveals that a proper

application of its test will normally require a district court to consider and balance all relevant factors ....").

Here, there is likely to be a justification for dismissing Fabriko's appeal merely on procedural grounds. First, I can infer either bad faith or negligence based on Fabriko's failure to pay a nominal $5 filing fee (a) at the time of the appeal, (b) immediately after receiving the bankruptcy clerk's notice of deficiency, and (c) in the six weeks since the date of the notice of deficiency. Second, there does not appear to be any prejudicial effect on the other parties by dismissing Fabriko's appeal; indeed, there is a benefit to them in not having to immediately defend against Fabriko's claims. Finally, the impact of dismissal would likely still leave Fabriko with the ability to bring its quantum meruit and civil RICO claims; it just must do so in a separate proceeding.

### *2. Motion for leave to appeal prepared in accordance with Rule 8003*

Rule 8003(a) of the Federal Rules of Bankruptcy Procedure requires that a motion for leave to appeal an interlocutory order contain:

> 1. a statement of the facts necessary to an understanding of the questions to be presented by the appeal;
> 2. a statement of those questions and of the relief sought;
> 3. a statement of the reasons why an appeal should be granted; and
> 4. a copy of the judgment, order, or decree complained of and of any opinion or memorandum relating thereto.

Fed. R. Bankr. P. 8003(a).

Here, Fabriko has not complied with any of the requirements of Rule 8003(a). The Motion only asks the Court to allow Fabriko to take an appeal of the bankruptcy court's May 3 interlocutory order. It fails to provide a statement of necessary facts, a statement of the questions presented, a statement of the relief sought, a statement of reasons stating why an appeal should be

– 6 –

granted, and a copy of the May 3 order (and of the third-party complaint and amended third-party complaint, which both relate to the May 3 order and that order's reasoning).

### 3. *Proof of service in accordance with Rule 8008*

Rule 8008(d) of the Federal Rules of Bankruptcy Procedure requires that "[p]apers presented for filing ... contain ... proof of service in the form of a statement of the date and manner of service and of the names of the persons served, certified by the person who made service." Fed. R. Bankr. P. 8008(d). Fabriko has complied with this rule by including a certificate of service in the Notice and in the Motion.

### 4. *Conclusion on procedural requirements*

There is a sufficient basis for me to dismiss Fabriko's appeal on procedural grounds; an examination of the substantive requirements of Fabriko's appeal also supports that result.

## B. Substantive Requirements

District courts are permitted to hear appeals of interlocutory orders issued by bankruptcy judges. *See* 28 U.S.C.A. § 158(a) (West 2007) ("The district courts of the United States shall have jurisdiction to hear appeals ... , with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges ...."). Although § 158(a) is silent as to the standard that district courts should use in determining whether to grant an appeal of an interlocutory order, § 158(c) provides some guidance. It states that "[a]n appeal under [§ 158(a)] shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts." 28 U.S.C.A. § 158(c)(2) (West 2007). The code section governing appeals to courts of appeals of interlocutory orders issued by district courts, 28 U.S.C. § 1292(b), "while not required by the terms of section 158, provides a useful framework" for a district court contemplating whether to grant leave to an

- 7 -

Case 6:07-mc-00002-NKM   Document 2   Filed 07/03/07   Page 7 of 11   Pageid#: 49

appellant seeking to have an interlocutory bankruptcy order reviewed. *See Atl. Textile Group, Inc. v. Neal*, 191 B.R. 652, 653 (E.D. Va. 1996); *see also Stowe Potato Sales, Inc. v. Terry's, Inc.*, 224 B.R. 329, 331 (W.D. Va. 1998).

Under § 1292(b), for an appellate court to review a district court's interlocutory order in civil proceedings, a three-part test must be met: (1) the order must involve "a controlling question of law," (2) that question of law must provide a "substantial ground for difference of opinion," and (3) "an immediate appeal from the order [must] materially advance the ultimate termination of the litigation." *See* 28 U.S.C.A. § 1292(b) (West 2007); *Atl. Textile Group*, 191 B.R. at 653.

Notably, there must be "exceptional circumstances [to] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978); *see also Sec. Pac. Bank Wash. v. Steinberg (In re Westwood Shake & Shingle, Inc.)*, 971 F.2d 387, 390 (9th Cir. 1992) ("Doubts regarding appealability, however, are resolved in favor of finding that the interlocutory order is not appealable."); *Bricker v. Official Comm. of Admin. Claimants*, No. 1:06cv1082, 2007 WL 963290, at *4 (N.D. Ohio Mar. 28, 2007) ("[I]nterlocutory appeals are very rarely permitted and generally only in extraordinary circumstances."); *Lovelace v. Rockingham Mem'l Hosp.*, 299 F. Supp. 2d 617, 623 (W.D. Va. 2004) ("[Section] 1292(b) should be used only sparingly and, thus, its requirements are strictly construed."); *Contemporary Indus. Corp. v. Frost (In re Contemporary Indus. Corp.)*, 312 B.R. 898, 900 (D. Neb. 2004) ("[G]ranting leave to file interlocutory appeals is the exception, not the rule ...."); *In re Neshaminy Office Bldg. Assocs.*, 81 B.R. 301, 303 (E.D. Pa. 1987) ("Only exceptional circumstances justify the hearing of an appeal before a final judgment is rendered.").

Here, then, the issue is whether Fabriko's appeal of the bankruptcy court's dismissal of its third-party complaints meets the requirements of § 1292(b) and, therefore, should be subject to an appeal on the merits.[4] I conclude that Fabriko's appeal does not meet the requirements of § 1292(b).

### 1. Controlling question of law

"A legal issue is controlling if it could materially affect the outcome of the case." *W. Tenn. Chapter of Associated Builders & Contractors, Inc. v. City of Memphis (In re City of Memphis)*, 293 F.3d 345, 351 (6th Cir. 2002); *see also State of Arizona v. Ideal Basic Indus. (In re Cement Antitrust Litig.)*, 673 F.2d 1020, 1026 (9th Cir. 1982) ("[A]ll that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court.").

Here, the question of law Fabriko would ask on appeal is whether the bankruptcy court's dismissal of Fabriko's third-party complaint was proper. Fabriko pled quantum meruit and civil RICO claims in its third-party complaint. These issues are collateral and incidental to the bankruptcy proceeding. There, the only issue is the determination of who owns the Debt Owed. In other words, the issue of whether Fabriko would ultimately succeed on its quantum meruit and civil RICO claims has no bearing on the bankruptcy court's ultimate conclusion regarding who actually owns the Debt Owed. Therefore, there is no controlling question of law on appeal.

### 2. Question of law provides a "substantial ground for difference of opinion"

The bankruptcy court neatly summarized the three possible grounds for its jurisdiction over Fabriko's claims: (1) whether Fabriko's claims *arise under* Title 11; (2) whether Fabriko's claims *arise in a case under* Title 11; or (3) whether Fabriko's claims are *related to a case under*

---

[4] Because the third-party complaint and amended third-party complaint are not before me, I must necessarily

Title 11. Memorandum Opinion at 4–7, *Schneider*, No. 05–61589, Adversary/Motion No. 06–06081. The only ground that could provide for a difference of opinion here is the third one: as the bankruptcy court itself stated, "[w]hether this Court has jurisdiction over a matter because it is related to a case under Title 11 is more difficult to determine" than are whether Fabriko's claims arise under or arise in a case under Title 11. *Id.* at 5–6.

"[T]he 'related to jurisdiction is to be 'broadly interpreted'" and "includes proceedings in which the outcome could have an effect upon the estate being administered under Title 11." *Bergstrom v. Dalkon Shield Claimant's Trust (In re A.H. Robins Co., Inc.)*, 86 F.3d 364, 372 (4th Cir. 1996). In *Bergstrom*, the Fourth Circuit stated that the test for whether a matter is "related to a case under Title 11" is whether "the outcome could alter the debtor's rights, liabilities, options, or freedoms of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Id.*

Here, the bankruptcy court correctly concluded that because resolution of Fabriko's claims of quantum meruit and civil RICO—against Newman and Advisco—would have no bearing on the court's determination of who owns the Debt Owed (be it Boss Management, Fabriko, or Mid-West), resolution of Fabriko's claim "cannot conceivably affect the administration of this bankruptcy case." Memorandum Opinion at 6–7, *Schneider*, No. 05–61589, Adversary/Motion No. 06–06081.

A "substantial ground for difference of opinion" "must arise out of a genuine doubt as to whether the district court applied the correct legal standard in its order," meaning either (1) that "there is conflicting authority on the issue," or (2) that "the issue is particularly difficult."

---

make some assumptions about those documents.

*Consub Del. LLC v. Schahin Engenharia Limitada*, 476 F. Supp. 2d 305, 309 (S.D.N.Y. 2007). Neither of these requirements appears here.

### *3. An immediate appeal of this order must "materially advance the ultimate termination of the litigation"*

Based on the discussion above, there is little need to go into much detail here: because the issue of Fabriko's quantum meruit and civil RICO claims is not controlling (i.e. resolution of those claims could not materially affect the outcome of the underlying bankruptcy case), resolution of that issue also would not materially advance the ultimate termination of the bankruptcy litigation (i.e. who owns the claim to the Debt Owed). As such, this requirement is also not met.

## III. CONCLUSION

Fabriko has failed to meet the procedural requirements for a party seeking an appeal from an interlocutory order issued by a bankruptcy court; additionally, the bankruptcy court's order does not meet the substantive requirements necessary for me to grant Fabriko leave to appeal that order. Accordingly, Fabriko's Motion for Leave To Take Interlocutory Appeal is DENIED and the Clerk of the Court is ordered to DISMISS this case and STRIKE it from the docket of the court.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

ENTERED: _____
United States District Judge

July 3, 2007
Date